IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | 2:06-CV-00118-WKW |
| ) | |
| ) | [wo] |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER ON MOTION</u>**

Pursuant to the Order filed on February 22, 2006 referring this case for action on all pretrial matters and for recommendation as may be appropriate (Doc. 3), the undersigned Magistrate Judge considers the *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* (Doc.2, filed February 7, 2006).

The court wishes the plaintiff to understand *fully* the limited nature of being allowed to proceed *in forma pauperis*. This status does permit the plaintiff to *commence* this lawsuit without *prepayment* of fees and court costs, but it does not permit the plaintiff to maintain the lawsuit without incurring any personal expenses.

The Plaintiff should understand that he *may* incur expenses as a result of the prosecution of this case, and there is no provision for the court's payment of those expenses. For example, in the event of a trial, the Plaintiff may compel the attendance of witnesses through subpoena *only* by tendering to each witness payment of a one-day witness fee of

$40, plus mileage. Additionally, court costs, in varying amounts, can be very substantial, and they are normally assessed against the losing party. This means that a plaintiff who loses a case may be charged with, and obligated to pay, *all* court costs, even though the plaintiff is proceeding *in forma pauperis*,

Having advised the Plaintiff of the possible expense of litigation, it is

**ORDERED** that the *Motion to Proceed In Forma Pauperis* (Doc. 2) be and is hereby **GRANTED**.

Done this 28th day of February, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE