IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CV-00118-WKW |
| | ) | [wo] |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

By Order issued March 20, 2006, the Magistrate Judge instructed the *pro se* plaintiff to show cause not later than April 10, 2006, why Defendant's *Motion to Dismiss* (Doc. 7) should not be granted. Plaintiff has filed no response and the docket does not reflect any return indicating that he did not receive the Order sent to his address of record. Because the dismissal motion is meritorious, it is the Recommendation of the Magistrate Judge that this action be dismissed with prejudice.

**I.**

The Complaint– dated February 3, 2006, but not filed until February 7, 2006– reports the Plaintiff's employment by the Defendant, Alabama Department of Transportation, from October of 1992 to October 8, 2004 and charges that his termination on October 8, 2004, resulted from race, sex, age, lack of due process, [and] consent decree violation." Identified as individuals who discriminated against the Plaintiff are "Mr. Patrick Todd Jackson (white male) CE and Mr. Mark Waites (white male) Transportation Manager or CEM as well as other supervisors at ALDOT." Plaintiff describes as follows the alleged discriminatory acts:

Supervisors at the ALDOT repeatedly reprimanded me leading up to a

>    recommendation for suspension later canceled and a recommendation for termination placed in its place. I was discriminated against for testifying to racially discriminatory actions toward myself as well as Mrs. Reeser Knight at her suspension hearing. Retaliated against for participation in the Sept. of 03 Reynolds promotion class settlement and I was removed from the C.E. Construction Register in violation of the consent decree.

Complaint, ¶¶ 8 and 9.

Plaintiff also represents his filing of an EEOC charge in December 2004 and his receipt on November 5, 2005, of his Notice-of-Right-to-Sue letter. Filed with the Complaint is an apparent copy of the EEOC Notice which sets forth this determination:

>    Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

The EEOC Notice is dated November 3, 2005, and shows copies to attorneys for both parties in this action.

## II.

Defendant contends that the Complaint "is procedurally barred and due to be dismissed . . . as it was not filed until the 94th day after [his] receipt of the right-to-sue letter" from the Equal Employment Opportunity Commission on November 5, 2005. The Defendant argues: "Under the provisions of 42 U.S.C. §2000e-5(f)(1) 'for an employee to maintain a Title VII claim against a former employee, the employee has the initial burden of establishing that he filed his complaint within 90 days of his receipt of the Equal Employment Opportunity Commission's (EEOC's) right-to-sue letter.'"

Defendant's contention is correct. In order for Plaintiff to maintain his Title VII claim

2

against the Alabama Department of Transportation, he has the initial burden of establishing that he filed his complaint within ninety days of his receipt of the EEOC's right to sue letter. See 42 U.S.C. §2000e-5(f)(1); *see also Kerr v. McDonald's Corp.,* 427 F. 3d 947 (11th Cir. 2005); *Green v. Union Foundry*, 281 F. 3d 1229 (11th Cir. 2002); *Santini v. Cleveland Clinic Fla.*, 232 F. 3d 823 (11th Cir. 2000). Once the defendant contests this issue, the plaintiff has the burden of establishing that he satisfied the ninety day filing requirement. *Kerr*, 427 F. 3d at 951, *citing Green*, 281 F. 3d at 1233-1234. Evident upon this record is Plaintiff's utter failure to refute the Defendant's contention and otherwise demonstrate that he satisfied the ninety day filing requirement. Nor has he presented any evidence to rebut the fact that ninety-four days elapsed from the date of his receipt of the right to sue letter to the date of filing in this district court.

The Complaint includes no factual allegations at all to support the age discrimination, lack of due process, and consent decree violation also specified as reasons for the allegedly discriminatory conduct resulting in Plaintiff's termination. In deference to the plaintiff's status as a *pro se* non-lawyer, the court examined all of the EEOC records attached to his complaint for the sole purpose of ascertaining the merits of permitting him to amend his complaint to state any valid, timely causes of action grounded on these reasons if they were the subject of timely administrative complaints. The attachments do include one administrative complaint to ALDOT, dated September 24, 2004, arising from a September 20, 2004 letter alleged to represent "contempt" of the consent decree violation. Also included is correspondence which documents Plaintiff's submission of a discriminatory promotions claim to a Special Master in the Reynold v. ALDOT, CV-85-T-665-N consent decree. The court readily concludes that Plaintiff has stated no valid and timely claim for relief to maintain causes of action premised on age discrimination, lack of due process, and consent decree violation.

### III.

For the reasons stated, it is the Recommendation of the Magistrate Judge that :

1.the Defendant's *Motion to Dismiss* (Doc. 7) be GRANTED; and

2.this action be DISMISSED with prejudice.

IT IS FURTHER ORDERED that the parties file any objections to this *Recommendation* not later than **May 2, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this *Recommendation* is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2006

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE